Citation Nr: 1319530 
Decision Date: 06/18/13 Archive Date: 06/27/13

DOCKET NO. 09-42 754 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to an increased disability evaluation for post-gastrectomy syndrome with gastric resection residuals, currently evaluated as 20 percent disabling. 

2. Entitlement to initial compensable evaluation for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel




INTRODUCTION

The Veteran is the appellant in the instant appeal. He had active service from September 1961 to January 1966. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision of the St. Louis, Missouri, Regional Office which granted service connection for right ear hearing loss; recharacterized the Veteran's hearing loss disability as bilateral hearing loss; assigned an initial noncompensable evaluation for that disability; and denied an increased disability evaluation for his post-gastrectomy syndrome with gastric resection residuals. The Board has reviewed both the physical claims file and the "Virtual VA" file so as to insure a total review of the evidence. 

This appeal is REMANDED to the Chicago, Illinois, Regional Office (RO) via the Appeals Management Center (AMC), in Washington, DC. The Department of Veterans Affairs (VA) will notify the Veteran if further action is required on his part. 

The January 2012 Statement of Accredited Representative in Appealed Case may be reasonably construed as an informal application to reopen the Veteran's claim of entitlement to service connection for tinnitus. The issue has not been adjudicated by the RO. Therefore, the Board does not have jurisdiction over it. The issue is referred to the RO for appropriate action. 


REMAND

In a December 2009 written statement, the Veteran reported that he was "on SSI" and would be unable to attend a hearing on his claims. He did not identify if "SSI" meant Social Security Disability compensation or whether he simply was in receipt of Social Security income based on meeting minimum age requirements. Documentation of the Veteran's Social Security Administration (SSA) award of disability benefits, if any, and the evidence considered by the SSA in granting or denying the Veteran's claim is not of record. The United States Court of Appeals for Veterans Claims (Court) has clarified that VA's duty to assist the Veteran includes an obligation to obtain the records from the SSA, if relevant. See Murincsak v. Derwinski, 2 Vet. App. 363 (1992). In Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2009), however, the Federal Circuit acknowledged that VA's duty to assist was limited to obtaining relevant SSA records. The Federal Circuit rejected the appellant's argument in Golz that SSA records are always relevant and VA always is required to obtain them. The Federal Circuit then defined relevant records as "those records that relate to the injury for which the claimant is seeking benefits and have a reasonable possibility of helping to substantiate the Veteran's claim." Id. at 1321 (emphasis added). The Federal Circuit also stated, "[n]ot all medical records for a Veteran will have a reasonable possibility of aiding in the substantiation of a VA disability claim." Id. The Federal Circuit concluded in Golz, "[t]here must be specific reason to believe these records may give rise to pertinent information to conclude that they are relevant." Id. at 1323. 

Here, the Veteran has provided only minimal information with regard to the nature of his SSA benefits. However, out of an exercise of extreme caution, and because the records have the potential to assist the Veteran in substantiating his claim, the Board finds that they should be obtained. 

The reports of a March 2011 VA gastrointestinal examination for compensation purposes and an April 2011 VA audiological examination for compensation purposes both reflect that the claims file was not provided for review. While claims file review is not required, obtaining a thorough and accurate history is. In addition, as it pertains to claims for hearing loss, in Martinak v. Nicholson, 21 Vet. App. 447 (2007), the Court held that in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report. Martinak, 21 Vet. App. at 455. VA's duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Floyd v. Brown, 9 Vet. App. 88, 93 (1996); Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). Given the complexity of the issues presented, the Board finds that additional VA gastrointestinal and auditory evaluations would be helpful. 

Finally, clinical documentation dated after April 2011 is not of record. VA should obtain all relevant VA and private clinical documentation which could potentially be helpful in resolving the Veteran's claims. Murphy v. Derwinski, 1 Vet. App. 78, 81-82 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide information as to all treatment of his service-connected gastrointestinal and hearing loss disabilities after April 2011, including the names and addresses of all health care providers whose records have not already been provided to VA. Upon receipt of the requested information and the appropriate releases, the RO/AOJ should contact all identified health care providers and request that they forward copies of all available clinical documentation pertaining to treatment of the Veteran, not already of record, for incorporation into the record. If identified records are not ultimately obtained, the Veteran should be notified pursuant to 38 C.F.R. § 3.159(e) (2012). 

2. Associate with the record any VA clinical documentation pertaining to the treatment of the appellant not already of record, including that provided after April 2011. 

3. Contact the SSA and request that it provide documentation of the Veteran's award of disability benefits or the denial thereof and copies of all records developed in association with the Veteran's claim for incorporation into the record. 

4. Then schedule the Veteran for a VA gastrointestinal examination for compensation purposes in order to assist in determining the current nature and severity of his post-gastrectomy syndrome with gastric resection residuals. All indicated tests and studies should be accomplished and the findings then reported in detail. The examiner should express an opinion as to the impact of his gastrointestinal disability upon his vocational pursuits. 

All relevant medical records, including those in the claims folder, should be made available to the examiner for review of pertinent documents therein. The examination report should specifically state that such a review was conducted. 

5. Then schedule the Veteran for a VA audiological examination for compensation purposes in order to assist in determining the current nature and severity of his bilateral hearing loss. All indicated tests and studies should be accomplished and the findings then reported in detail. The examiner should express an opinion as to the impact of his bilateral hearing loss disability upon his vocational pursuits. 

All relevant medical records, including those in the claims folder, should be made available to the examiner for review of pertinent documents therein. The examination report should specifically state that such a review was conducted. 

6. Thereafter, readjudicate the Veteran's claims. If the benefits sought on appeal remain denied, the Veteran and his accredited representative should be provided a supplemental statement of the case (SSOC) which addresses all relevant actions taken on the claims, to include a summary of the evidence and applicable law and regulations considered, since the issuance of the last SSOC. An appropriate period of time should be allowed for response before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012). 



______________________________________________
MATTHEW D. TENNER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).